# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BOILING POINT, LLC  
8561 Fenton St.  
Suite 225  
Silver Spring, MD 20910  

    Plaintiff,

v.

THE NATION, LLC d/b/a All Trap  
Nation d/b/a Trap Nation  
3767 Overland Ave., Unit 105  
Los Angeles, CA 90034  

   **Serve:**  
Corporate Creations Network Inc.  
3411 Silverside Rd.  
Tatnall Building, Suite 104  
Wilmington, DE 19810  

- AND -

ANDRE BENZ  
3767 Overland Ave., Unit 105  
Los Angeles, CA 90034  

    Defendants.

Case No.: V438934


RECEIVED  
OCT 13 2017  
Clerk of the Circuit Court  
Montgomery County, Md.

## COMPLAINT

***COMES NOW*** Plaintiff Boiling Point, LLC and for its cause of action states the following:

## PARTIES

1. Plaintiff is a limited liability company organized under the laws of the State of Maryland and doing business in the State of Maryland.

2. Defendant The Nation, LLC d/b/a All Trap Nation d/b/a Trap Nation (hereinafter "Nation") is a foreign limited liability company, organized under the laws of Delaware with its principal place of business in California and doing business in the State of Maryland.

3. Defendant Andre Benz is a member owner of Nation, and entered into an agreement for services with Plaintiff, purportedly on behalf of Nation.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. sec. 1-501.

5. This Court has personal jurisdiction over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. sec. 6-102 and 6-103.

6. Venue lies in Montgomery County, Maryland as the cause of action arose therein, and the parties agreed to the forum as a term of the contract which has been breached.

## FACTUAL BACKGROUND

7. Defendants own and operate a highly successful "YouTube channel" that uploads music for viewing by individuals worldwide with a Uniform Resource Locator (URL) of "https://www.youtube.com/user/AllTrapNation".

8. "Trap Nation" or "All Trap Nation" is channel owned and operated by Defendants and uploads a specific kind and genre of music known as "trap music."

9. On March 25, 2015, Plaintiff entered into an Exclusive Licensing Agreement ("the Agreement") with Defendants for a term of not less than twenty-four months to manufacture and supply merchandise products for Defendants.

10. Additionally, Plaintiff was to provide an "e-commerce website" to be advertised by linking on Defendant's YouTube channel from which these merchandise products were to be sold and distributed.

11. In consideration of this work, Plaintiff was entitled to receive 50% of net profits from all merchandise sold that it produced, sold and delivered.

12. Plaintiff undertook steps to perform on the agreement by designing merchandise and sending it to Defendants for approval.

13. Plaintiff also took steps to deliver on the requirement to establish an e-commerce website.

14. Plaintiff spent significant time and resources to develop merchandise and to perform on the contract at issue.

15. Defendants never provided notice of termination of the Agreement.

16. Nevertheless, Defendants failed to comply with the terms of the contract, and entered into an agreement with a competing merchandising company, despite Boiling Point's "exclusive" arrangement with Defendants.

17. Defendants are in breach of contract.

18. As a proximate result of Defendants' actions, Plaintiff have suffered damages including compensatory damages, general damages, lost profits and expectation damages.

19. All Trap Nation, the YouTube channel which Plaintiff was to have exclusive merchandise rights, is now one of the top 50 most visited YouTube channels in the world and upon information and belief generates millions of dollars in advertising revenue, including merchandise revenue, per year.

## BREACH OF CONTRACT
### Count I

20. Each of the preceding paragraphs is incorporated by reference herein.

21. Plaintiff and Defendants entered into a valid and enforceable written agreement.

22. In its written contract, Defendants agreed to reimburse Plaintiff 50% of all net profit earned from merchandise sold with Defendant Nation's trademark

3

23. This Agreement was expressly made exclusive and Defendants could not agree to allow others to provide the same or similar services.

24. The Agreement is a valid, enforceable contract.

25. Defendants breached the contract by:

    a. Failing to act consistent with the exclusive merchandising agreement with Plaintiff;

    b. Granting merchandising rights and e-commerce rights to Plaintiff's competitors;

    c. Failing to use Plaintiff's e-commerce website;

    d. Failing to advertise and provide links for Plaintiff's e-commerce website for sale of merchandise;

    e. Failing to provide Plaintiff with 50% of net profits earned from all merchandise sales;

    f. Otherwise breached the contract.

26. These breaches were each of material terms of the contract.

27. As a proximate and direct result, Plaintiff has been harmed and or injured and will incur economic damages as a proximate and direct result of the breach by Defendants, including general and special damages, expectation damages, and lost profits.

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### Count II

28. Each of the preceding paragraphs is incorporated by reference herein.

29. Every contract in Maryland contains an implied covenant of good faith and fair dealing, including the contract between Plaintiff and Defendants.

30. Defendants each failed to refrain from doing anything that would have the effect of injuring or frustrating the right of the other party to receive the fruits of the contract between them.

4

31. Defendants failed to act in good faith by:

    a. Failing to act consistent with the exclusive merchandising agreement with Plaintiff;

    b. Granting merchandising rights and e-commerce rights to Plaintiff's competitors

    c. Failing to use Plaintiff's e-commerce website;

    d. Failing to advertise and provide links for Plaintiff's e-commerce website for sale of merchandise;

    e. Failing to provide Plaintiff with 50% of net profits earned from all merchandise sales;

32. As a proximate and direct result of Defendants' failures to act in good faith, Plaintiff has been harmed and or injured and will incur economic damages as a proximate and direct result of the breach by Defendants, including general and special damages, expectation damages, and lost profits.

### PROMISSORY ESTOPPEL
### Count III

33. Each of the preceding paragraphs is incorporated by reference herein.

34. Defendants made a clear and definite promise to:

    a. Grant merchandising rights and e-commerce rights to Plaintiff;

    b. To use Plaintiff's e-commerce website;

    c. To advertise and provide links for Plaintiff's e-commerce website for sale of merchandise;

    d. To provide Plaintiff with 50% of net profits earned from all merchandise sales.

35. Defendants had a reasonable expectation that Plaintiff would act upon this promise.

36. Plaintiff did, in fact, act on this promise.

5

37. Defendants failures to act in accord with these promises caused detrimental effects that can only be avoided by the enforcement of the promise.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff seeks all damages allowable by law and equity in excess of $75,000.00 as well as injunctive relief as necessary.

Date: October 11, 2017

Respectfully Submitted,

_____
Jonathan B. Nace
Nidel & Nace, PLLC
5335 Wisconsin Ave., NW
Suite 440
Washington, DC 20015
202-478-9677
jon@nidellaw.com

*Attorneys for Plaintiff*

## Rule 1-313 Certificate

This is to certify that I am a member of the bar of the State of Maryland with an office in Washington, DC.

_____
Jonathan B. Nace

## DEMAND FOR JURY TRIAL

Plaintiff, by her undersigned counsel, and pursuant to Maryland Rule 2-325, hereby demands a trial by jury on all triable issues in this action.

_____
Jonathan B. Nace
Nidel & Nace, PLLC
5335 Wisconsin Ave., NW
Suite 440
Washington, DC 20015
202-478-9677
jon@nidellaw.com